UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAPPELL T. FLADGER, | Civil Action No. 19-16509 (MAS) (TJB) |
| Plaintiff, | |
| v. | OPINION |
| MARCUS O. HICKS, et al., | |
| Defendants. | |

**SHIPP, District Judge:**

Currently before the Court is the Amended Complaint (ECF No. 11) of Plaintiff Chappell T. Fladger. Because Plaintiff has been granted *in forma pauperis* status in this matter (*see* ECF No. 14), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, or fails to state a claim for relief. For the following reasons, Plaintiff's Amended Complaint is dismissed in its entirety for failure to state a claim for relief and as duplicative of his complaint filed in *Fladger v. Kennedy*, No. 19-18867 (SDW).

**I.   BACKGROUND**

Plaintiff is currently civilly committed to the Special Treatment Unit in Avenel, New Jersey, pursuant to New Jersey's Sexually Violent Predator Act, *N.J. Stat. Ann.* § 30:4-27.24 *et seq.* (ECF No. 11 at 3.) In his Amended Complaint, Plaintiff pleads facts related to several unrelated claims. First, he pleads that, on November 17, 2018, at about 4:45 p.m., he was assaulted by an Officer Ing and other unspecified officers while he was on the phone "consulting with his attorney." (*Id.* at 10.) Plaintiff was allegedly grabbed, "assaulted," and placed in tight handcuffs, resulting in injuries to his wrist and shoulder. (*Id.*) Plaintiff next alleges that, when he was being taken into restrictive custody following the phone assault incident, an Officer Gilbert strip searched

Plaintiff, and during that search "touched" Plaintiff's stomach and genitals. (*Id.*) Plaintiff next alleges that, on various occasions throughout his stay in the STU, he was assaulted by another resident of the unit, Vasco Bell, and officers "failed to intervene" to prevent the alleged assaults. (*Id.* at 10-11) Plaintiff pleads no facts regarding what occurred during these assaults, what officers if any were present, or any other facts to provide context to this claim other than a string of dates on which the assaults occurred. (*Id.*) Plaintiff further alleges that he has frequently been placed in restrictive custody, and that he believes that these placements have interrupted his required sex offender treatment, and that he has various vaguely defined undiagnosed medical issues which have not been treated. (*Id.* at 11.) Finally, Plaintiff alleges that unspecified corrections officers have destroyed many of his possessions. (*Id.*)

Prior to filing his Amended Complaint in this matter, Plaintiff filed a separate complaint with this Court which was docketed before Judge Wigenton under Docket Number 19-18867 and captioned *Fladger v. Kennedy*. In his operative complaint in that matter, Plaintiff raises a nearly identical claim regarding the telephone assault by officer Ing, which Judge Wigenton permitted to proceed beyond initial screening, and which is currently in discovery. (*See Fladger v. Kennedy*, No. 19-18867 (SDW), at ECF Nos. 5, 7, 13.)

## II.   DISCUSSION

### A.   Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, [however,] and a formulaic recitation of a cause of action's elements will not do." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* at 663. Determining whether the allegations in a complaint are plausible is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Analysis

This Court construes Plaintiff's Amended Complaint to be raising the following claims pursuant to 42 U.S.C. § 1983 – a general claim for supervisory liability against numerous Defendants, a failure to intervene claim against unspecified defendants relating to the alleged assaults he suffered at the hands of another resident of the STU, a Due Process claim relating to the destruction of his property, a claim that he was denied Due Process in relation to the strip search conducted by Officer Gilbert, deliberate indifference to medical needs claims related to alleged interruptions in sex offender treatment and undiagnosed medical conditions, and an excessive force claim against Defendant Ing related to the telephone assault incident. This Court will address each claim in turn.

### 1. Plaintiff's supervisory relief claims and claims against Defendants unconnected to any specific allegation of wrongdoing

In his Amended Complaint, Plaintiff seeks to hold numerous supervisory Defendants liable for the actions of their alleged subordinates based solely on their supervisory roles – and his claims therefore appear to be based solely on a vicarious theory of liability. A defendant in a federal civil rights matter, however, may not be held liable based solely on his role as a supervisor, but instead must have had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held

4

liable under *respondeat superior* theory of liability). This generally requires a plaintiff to plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or actual knowledge and acquiescence [in his subordinate's wrongdoing], to be liable." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015). As Plaintiff has failed to plead any facts indicating direct involvement of the supervisory Defendants in the alleged constitutional violations – be it in the form of participation or knowledge and acquiescence or some other legitimate theory of liability – Plaintiff's claims against the supervisory Defendants must be dismissed. Plaintiff's claims against Defendants Porrino, Sim, Main, Errantly, Raksa, Hicks, Slaughter, and Eure are dismissed without prejudice. Likewise, because he has pled no facts indicating their direct involvement in the alleged wrongs, any claims Plaintiff may have wished to raise against Defendants Gillatta, Hyat, Riley, Walker, Coaction, Leary, Aponti, Rosbough, Lukszeki, Banks, Rodrigizes, and Foster are also dismissed without prejudice. *Rode*, 845 F.3d at 1207-08.

### 2. Plaintiff's failure to intervene claim

Plaintiff alleges that unspecified officers "failed to intervene to keep resident Vasco Bell[] from assaulting Plaintiff." In order to plead a cognizable claim for relief against a corrections officer based on that officer's failure to intervene in an assault upon him by another inmate, a plaintiff must plead that the defendant "had 'a realistic and reasonable opportunity to intervene' and 'simply refused to do so.'" *Bistrian v. Levi*, 696 F. 3d 352, 371 (3d Cir. 2012) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002)), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). In this matter, Plaintiff pleads no facts regarding which guards were present during the alleged assaults by Bell, nor any other facts to suggest that any specific guard

had a realistic opportunity to intervene during the Bell incidents. Plaintiff has thus failed to plead a cognizable failure to intervene claim related to these assaults, and that claim is therefore dismissed without prejudice as to all Defendants.

### 3. Plaintiff's destruction of property claims

Plaintiff next alleges that various Defendants should be liable for the destruction of his property. "Where a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available." *Love v. New Jersey Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Because the State of New Jersey has provided a proper post deprivation remedy in the form of the New Jersey Tort Claims Act, *see N.J. Stat. Ann.* § 59:1-1, *et seq.*; *Love*, 2015 WL 2226015 at *5, Plaintiff is required to make use of that remedy rather than § 1983, and his destruction of property claim fails to state a cognizable claim for relief, and is therefore dismissed without prejudice.

### 4. Plaintiff's Strip Search Claim

Plaintiff next alleges that his rights were violated when he was strip searched prior to being placed in restrictive custody. A civil detainee such as Plaintiff may raise a challenge to strip searches under either the Fourth or Fourteenth Amendment. To raise a challenge under the Fourth Amendment, the plaintiff must allege facts which, if proven, would show that the strip search in question was "unreasonable" in light of the facts, circumstances, and legitimate security interests of the facility in which he is housed. *See Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 621 F.3d 296, 306-311 (3d Cir. 2010). In unpublished cases, the Third Circuit has

upheld the dismissal of strip search claims as reasonable exercises of detention facility security where detainees are routinely searched when placed in restrictive confinement, even in a case where a guard allegedly "focused" on a detainee's chest and genitals during his search with others present. *See, e.g., Millhouse v. Arbasak*, 373 F. App'x 135, 137-38 (3d Cir. 2010); *see also Bell v. Wolfish*, 441 U.S. 520, 558 (1979) (finding routine cavity searches reasonable where justified by legitimate security concerns). Although Plaintiff has pled that he was touched on the stomach and genitals during the strip search involved in this case, he has failed to plead specific facts indicating that the search in question – which occurred while Plaintiff was being placed in restrictive custody – was unreasonable. Plaintiff's strip search claim, to the extent it is raised under the Fourth Amendment, must therefore be dismissed without prejudice.

Turning to the Fourteenth Amendment, the Supreme Court has held that such searches will violate the rights of non-convict detainees where the facility's search policy amounts to unconstitutional punishment in the absence of a supporting conviction. *See Bell*, 441 U.S. at 561-62. In the absence of allegations of a direct intent to punish the plaintiff, a plaintiff seeking to raise such a claim must plead facts which show that the challenged condition of confinement is either unrelated to a legitimate governmental objective and therefore arbitrary or purposeless, or is excessive in relation to the legitimate governmental objective at issue. *Hubbard v. Taylor*, 538 F.3d 229, 231-32 (3d Cir. 2008). Thus, a challenged condition will pass scrutiny where it is rationally related to a legitimate governmental purpose and is not excessive in relation to that purpose. *Id.* at 232. In *Bell*, the Supreme Court held that routine strip searches, including cavity inspections, will not amount to unconstitutional punishment where those searches are related to legitimate security interests. 441 U.S. at 561-62.

7

Although Plaintiff could conceivably plead facts indicating the strip search in question here was excessive in relation to the STU's legitimate security interests, as currently pled he has failed to plead either that Defendant Gilbert intended to punish him during the search, or that the search was excessive in relation to the STU's interest in institutional security especially during restrictive custody placements. That Gilbert may have touched Plaintiff's stomach and genitals during a seemingly routine search, without more information as to the context of these touchings, is insufficient to make Plaintiff's complaint one of constitutional dimension. *Id.* Plaintiff's strip search claim must therefore be dismissed without prejudice, whether raised under the Fourth or Fourteenth Amendment.

### 5. Plaintiff's medical claims

Plaintiff next raises two related medical claims – that his repeated placement in restrictive custody amounts to a denial of his mandated sexual offender treatment, and that he has not received treatment for vaguely defined undiagnosed medical issues. In order to make out a general claim for relief based upon inadequate medical care, a plaintiff must plead facts indicating that he has both "a serious medical need" and that the defendants "acts or omissions" amount to "deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A defendant's actions will amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference will therefore be shown where the facts indicate that the defendant was "both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . dr[e]w th[at] inference." *Id.* Here, as to his general medical claim, Plaintiff pleads only that he has various health issues which have not been diagnosed, and that he has not received treatment for these undiagnosed issues. Based on these vague allegations, Plaintiff has

8

failed to plead facts showing that any specific named Defendant was aware of any serious medical need which Plaintiff suffered, nor was deliberately indifferent to such a need. Plaintiff's general medical claims are therefore dismissed without prejudice.

Plaintiff also asserts, however, that his required sex offender treatment has been interrupted by his frequent placement in restrictive custody. Plaintiff does not provide sufficient information to contextualize this allegation – he neither explains *why* he was placed in restrictive custody, nor how frequently he has been so placed. Although this Court presumes Plaintiff's vague allegation of an interruption in sex offender treatment was meant to invoke the theory of liability announced by a judge of this Court in *Thomas v. Adams*, 55 F. Supp. 3d 552, 576 (D.N.J. 2014), and upheld by the Third Circuit in *Thomas v. Christie*, 655 F. App'x 82 (3d Cir. 2016), Plaintiff has made no effort to actually plead a *Thomas* claim. In *Thomas*, the Third Circuit upheld a theory of liability under which supervisors could be held responsible for significant reductions in sex offender treatment for those confined in the STU where those supervisors engaged in "systemwide determinations" that became "the moving force behind the circumstances under which the[ir] subordinate officers effectively have no choice but to deny/reduce/change an inmate's prescribed . . . [sex offender] treatment for non-medical reasons" in such a way as to delay the committed plaintiff from progressing towards his ultimate release from the STU. *Thomas*, 655 F. App'x at 85. Neither *Thomas* decision addressed the existence of a plausible claim for relief arising out of incidental reductions of treatment resulting from temporary placement in restrictive confinement such as that raised here. Given the vague nature of Plaintiff's reduction in treatment allegations, and the lack of any allegations indicating a *significant* reduction in treatment nor that Plaintiff was not himself responsible for his placement in temporary restrictive custody, Plaintiff has failed to

9

plead a cognizable claim for relief, and his sex offender treatment related claim is therefore dismissed without prejudice at this time.

### 6. Plaintiff's excessive force claim[1]

In his final claim for relief, Plaintiff alleges that Defendant Ing, with the aid of unspecified officers, used excessive force against him during the telephone related incident. Plaintiff's amended complaint in this matter, however, is not the only place in which Plaintiff has raised this claim. Plaintiff previously raised this same claim in his amended complaint in his case before Judge Wigenton. (*See Fladger v. Kennedy*, No. 19-18867 (SDW), at ECF No. 5.) Plaintiff's claim in that matter is essentially identical to the one raised here, and in that matter has not only progressed beyond screening but has entered discovery. (*See Fladger v. Kennedy*, No. 19-18867 (SDW) at ECF Nos. 7, 13, 20.) Plaintiff's excessive force claim in this matter is therefore duplicative of the claim raised in his case before Judge Wigenton, and must be dismissed without prejudice as such. *See, e.g., Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (citing *Colorado R. Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

## III. CONCLUSION

For the reasons stated above, Plaintiff's amended complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Because Plaintiff could conceivably plead a cognizable claim for relief in relation to several of his dismissed claim, Plaintiff is granted leave to file a

---

[1] Although Plaintiff generally pleads his telephone assault related claim in such a way that this Court construes him to be raising a claim for excessive force, Plaintiff also briefly alleges that this same incident amounts to an interruption of his ability to communicate with counsel. Plaintiff, however, has not actually pled any specific facts indicating that a constitutional right to counsel sufficient to support a § 1983 claim had actually attached at the time that these incidents occurred. Thus, to the extent Plaintiff intended to raise a claim alleging an interference with his right to counsel, any such claim is dismissed without prejudice.

second amended complaint within thirty days containing any claim he may have which is not duplicative of claims raised in other matters. An appropriate order follows.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE